**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

BROOKE M. STIBGEN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

1:21-cv-09450-NLH

**MEMORANDUM OPINION & ORDER**

---

**APPEARANCES:**

BROOKE M. STIBGEN
300 COOPER STREET
APT. 15
CAMDEN, NJ 08102

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, on April 15, 2021, Plaintiff, Brooke M. Stibgen, appearing *pro se*, filed a complaint, which the Clerk's office construed to be against the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g);[1] but

---

[1] 42 U.S.C. § 405(g) provides, in relevant part, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . . Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . . The judgment of the court shall be final except that it shall be

WHEREAS, even though Plaintiff's claims arise from the July 2019 denial of her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 423, *et seq.*, it appears to the Court that Plaintiff has intended to file suit against Administrative Law Judge Nancy Lisewski, who presided over Plaintiff's hearing as part of her DIB claim, regarding the ALJ's alleged bias against Plaintiff, rather than against the Commissioner of Social Security as an appeal of the ultimate denial of her DIB claim;[2] and

WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP"

---

subject to review in the same manner as a judgment in other civil actions."

[2] The Court notes that the Case Information Sheet ("CIS") attached to Plaintiff's complaint refers to a related action, STIBGEN v. COMMISSIONER OF SOCIAL SECURITY, 2:20-cv-00568-SRC. In 2:20-cv-00568-SRC, Plaintiff, who was represented by counsel in that matter, appealed the July 18, 2019 denial of Plaintiff's DIB claim, in which she asserted an alleged disability onset date of February 26, 2015. On February 9, 2021, the Hon. Stanley R. Chesler, U.S.D.J., affirmed the decision of the Commissioner and closed that case. If Plaintiff wishes to appeal Judge Chesler's decision in 2:20-cv-00568-SRC, the proper course of action is to follow Fed. R. App. P. 4(a)(1)(B). That Rule provides that when one party is a United States agency a party may file a notice of appeal to the Court of Appeals for the Third Circuit within 60 days of the entry of a judgment and order. Because Judge Chesler issued his order on February 9, 2021, the 60-day window expired on April 10, 2021. Fed. R. App. P. 4(a) provides avenues for filing late appeals, but such application for those options would have to be made to Judge Chesler.

application) (Docket No. 1-1); and

WHEREAS, pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant,

3

Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, Plaintiff claims that the ALJ discriminated against her "for having mental health and physical pain issues," and "she falsely claimed that I had abilities that I clearly do not as documented thru doctors/surgeries" (Docket No. 1 at 3); and

WHEREAS, although the law may allow Plaintiff to lodge a discrimination claim which is independent of any claims arising under § 405(g), such a claim must be advanced against the Commissioner of the SSA and not against the ALJ, see Penner v. Schweiker, 701 F.2d 256, 260 (3d Cir. 1983) (explaining that § 405(g) did not act as a bar to the resolution of constitutional questions raised by the claimant when seeking review of the Secretary's decision); and

WHEREAS, the Court further notes that an ALJ enjoys

absolute immunity from a plaintiff's suit for damages if her claims are based on actions she took in her official capacity, see Raffinee v. Commissioner of Social Sec., 367 F. App'x 379, 381 (3d Cir. 2010) (citing Butz v. Economou, 438 U.S. 478, 514 (1978)); and

WHEREAS, Plaintiff's complaint fails to provide any facts to suggest the plausibility of her claims against the ALJ separate from her role in assessing Plaintiff's DIB application, see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (finding that a complaint should be dismissed if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face");

THEREFORE,

IT IS on this ___28th___ day of ___June_____, 2021

ORDERED that Plaintiff's IFP application (Docket No. 1-1) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that the Clerk of the Court shall modify the docket to reflect "Administrative Law Judge Nancy Lisewski" as Defendant, and the Clerk shall modify the nature of suit and cause to be one for civil rights pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); and it is further

ORDERED that within 20 days of today, Plaintiff shall show

cause as to why her complaint should not be dismissed because it asserts nonviable claims against the administrative law judge. If Plaintiff fails to do so, this case will be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

|                          | s/ Noel L. Hillman        |
|--------------------------|---------------------------|
| At Camden, New Jersey    | NOEL L. HILLMAN, U.S.D.J. |