```
          UNITED STATES DISTRICT COURT
             DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BROOKE M. STIBGEN, | 1:21-cv-09450-NLH |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**APPEARANCES:**

BROOKE M. STIBGEN
300 COOPER STREET
APT. 15
CAMDEN, NJ 08102

   Appearing *pro se*

**HILLMAN**, District Judge

   WHEREAS, on April 15, 2021, Plaintiff, Brooke M. Stibgen, appearing *pro se*, filed a complaint, which the Clerk's office construed to be against the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) regarding the denial of social security disability benefits; and

   WHEREAS, because Plaintiff had filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), the Court was required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(a)(1); and

   WHEREAS, on June 28, 2021, the Court ordered the Clerk of

the Court to: (1) modify the docket to reflect "Administrative Law Judge Nancy Lisewski" as Defendant, and (2) modify the nature of suit and cause to be one for civil rights pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), because it appeared to the Court that Plaintiff had intended to file suit against Administrative Law Judge Nancy Lisewski, who presided over Plaintiff's hearing as part of her DIB claim, regarding the ALJ's alleged bias against Plaintiff, rather than against the Commissioner of Social Security as an appeal of the ultimate denial of her DIB claim; and

WHEREAS, the Court further ordered that within 20 days Plaintiff was to show cause as to why her complaint should not be dismissed because it asserted nonviable claims against the administrative law judge, and if Plaintiff failed to do so, the case would be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6); and

WHEREAS, Plaintiff filed a response (Docket No. 4) to the Court's order, in which she relates her physical and mental condition, as well as her claims against ALJ Lisewski[1]; and

---

[1] Plaintiff also appears to attach a significant portion of her prior social security disability claim. See STIBGEN v. COMMISSIONER OF SOCIAL SECURITY, 2:20-cv-00568-SRC, where Plaintiff, who was represented by counsel in that matter, appealed the July 18, 2019 denial of Plaintiff's DIB claim, in

2

WHEREAS, Plaintiff claims that ALJ Lisewski improperly denied her disability claim twice; she feels betrayed by ALJ Lisewski and the entire social security system; and ALJ Lisewski ignored critical evidence which proves her disability; and

WHEREAS, as the Court noted in the Order to Show Cause, an ALJ enjoys absolute immunity from a plaintiff's suit for damages if her claims are based on actions she took in her official capacity, see Raffinee v. Commissioner of Social Sec., 367 F. App'x 379, 381 (3d Cir. 2010) (citing Butz v. Economou, 438 U.S. 478, 514 (1978)); and

WHEREAS, Plaintiff's claims against ALJ Lisewski, as set forth in her complaint and supplemental submission, all arise from ALJ Lisewski's capacity as an administrative law judge for the Social Security Administration in assessing Plaintiff's disability claims, and ALJ Lisewski is therefore entitled to absolute immunity for those claims;

Consequently,

IT IS on this ___28th___ day of ___September___, 2021

ORDERED that Plaintiff's complaint be, and hereby is, DISMISSED for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), and the Clerk of

---

which she asserted an alleged disability onset date of February 26, 2015.

the Court shall mark this matter as CLOSED.

                                                                s/ Noel L. Hillman

At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.